# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:20-cv-60851-AHS

**VALERIA DIMITRYUK, on behalf of herself and all others similarly situated,**

 **Plaintiff,**

**v.**

**UNIVERSITY OF MIAMI,**

 **Defendant.**

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss the Class Action Complaint and Demand for Jury Trial (the "Complaint") (DE 1) filed by Plaintiff, Valeria Dimitryuk, for failure to state a claim. Plaintiff has attempted to assert three claims against the University - - Breach of Contract (Count I), Unjust Enrichment (Count II) and Conversion (Count III) - - all premised on the closure of the University's physical facilities as a result of the COVID-19 pandemic and its completion of the Spring 2020 semester in a virtual/remote learning environment. As a matter of Florida law, none of Plaintiff's claims is factually or legally viable. To make matters worse, the Complaint is an improper shotgun pleading, in which each Count incorporates by reference all prior allegations and Counts. For all of these reasons, the Complaint should be dismissed.

## INTRODUCTION

The following pertinent allegations are taken from Plaintiff's Complaint: Plaintiff is enrolled as an undergraduate architectural major at the University, and she paid her tuition for the Spring 2020 semester. (DE 1 ¶ 9). On March 12, 2020, the University announced that, because of

the global COVID-19 pandemic, spring break would be extended through March 22 and classes would resume on March 23 in "online/remote/distance learning environments." (*Id.* ¶ 20). Since that time, there has been no in-person instruction, and classes have continued solely in a virtual format. (*Id.* ¶ 22). Plaintiff alleges that, as a result of the closure of University facilities, the University has not delivered the educational services, facilities, access and/or opportunities she contracted and paid for. (*Id.* ¶ 23).

In Count I, Plaintiff attempts to assert a claim against the University for breach of contract, referring therein to an "admission agreement" (DE 1 ¶ 40), but nowhere setting forth the terms of any contract between her and the University that allegedly have been breached by the University. Plaintiff incorporates the general allegations set forth in paragraphs 1 through 37 of her Complaint into Count I. (*Id.* ¶ 38).

In Count II, Plaintiff attempts to assert a claim for unjust enrichment. Here, Plaintiff alleges that she conferred a benefit on the University in the form of money paid for the Spring 2020 semester tuition and fees and that the University has retained this benefit but has failed to provide the education, experience and services for which such tuition and fees were paid. (*Id.* ¶¶ 48-50). Plaintiff has incorporated into Count II, not only the general allegations of her Complaint set forth in paragraphs 1 through 37, but also paragraphs 38 through 45 - - the paragraphs that comprise Count I. (*Id.* ¶ 46).

In Count III, Plaintiff attempts to assert a claim against the University for conversion. Here, Plaintiff alleges that she has an ownership right to the in-person educational services she was supposed to be provided in exchange for her Spring 2020 semester tuition and fee payments and that the University interfered with those rights when it moved all classes to a virtual format and discontinued in-person educational services. (*Id.* ¶¶ 54-55). Plaintiff has incorporated into Count

III, not only the general allegations of her Complaint set forth in paragraphs 1 through 37, but also paragraphs 38 through 51 - - the allegations that comprise Counts I and II. (*Id.* ¶ 52).

## ARGUMENT

Plaintiff's Complaint suffers from several deficiencies that warrant dismissal. As a threshold matter, the Complaint is a shotgun pleading, in which Counts II and III incorporate by reference all prior allegations and Counts, leading to incomprehensible results. The Eleventh Circuit repeatedly has condemned that practice and affirmed the dismissal of such complaints. Further, Plaintiff has not plausibly alleged any claim against the University, and it is clear that she cannot do so. For all of these reasons, Plaintiff's Complaint should be dismissed with prejudice.

## I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS A SHOTGUN PLEADING.

Plaintiff's Complaint is an impermissible shotgun pleading. A shotgun pleading is one in which "each count . . . adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four . . . . [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). *See also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions.").

The Eleventh Circuit repeatedly has held that a shotgun pleading properly is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Paylor*, 748 F.3d at 1126 and 1126 n.3 (collecting more than twenty cases). In fact, the Eleventh Circuit recently reaffirmed this principle in two published

decisions. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case — even if the other party does not move the court to strike the pleading"); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1352 (11th Cir. 2018) (affirming dismissal with prejudice of shotgun complaint). Courts within this Circuit routinely dismiss such complaints. *See, e.g.*, *Aracena v. Gruler*, 347 F. Supp. 3d 1107, 1122 (M.D. Fla. 2018) (dismissing case with prejudice because "both Counts of the Amended Complaint 'incorporate by reference all prior allegations,' rendering the Amended Complaint an impermissible shotgun pleading"); *YMD Records, LLC v. Ultra Enters., Inc.*, No. 19-CV-20424-UU, 2019 WL 849888, at *2 (S.D. Fla. Feb. 15, 2019) (dismissing shotgun complaint and noting that "[d]ismissal is appropriate on those grounds alone").

Here, Plaintiff impermissibly has combined all of her claims for relief, as each Count incorporates by reference all of the Complaint's prior allegations (and Counts). As a result, for example, Count III (for conversion) incorporates all allegations of Count I (breach of contract) and Count II (unjust enrichment). Under Eleventh Circuit precedent, this pleading defect mandates dismissal.

## II.    PLAINTIFF HAS FAILED TO STATE ANY PLAUSIBLE CLAIM.

The above analysis should end the inquiry. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (a district court should dismiss or strike a shotgun complaint); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (same). Despite the Court's ability to dismiss the Complaint in its entirety as a shotgun pleading, it may address the other bases for dismissal set forth in a motion to dismiss. *Silver Crown Invest., LLC v. Team Real Estate Management, LLC,* 349 F. Supp. 3d 1316, 1334 (S.D. Fla. 2018) (citing *Jovine v. Abbott*

*Laboratories,* 795 F. Supp. 2d 1331, 1337 (S.D. Fla. 2011)). On the merits, Plaintiff's Complaint suffers from additional defects that warrant dismissal.

### A.        Legal Standard on a Motion to Dismiss

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lattimore v. Wells Fargo Bank, N.A.*, 590 Fed. Appx. 912, 913 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). A "'formulaic recitation of the elements of a cause of action will not do.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court must accept the plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. *Brinson v. Welsh*, 709 Fed. Appx. 582, 584 (11th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).

"Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), in turn quoting *Twombly*, 550 U.S. at 570). "In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief." *Gavilan v. Balans, L.C.*, No. 14-22791-CIV, 2014 WL 6979625, at *1 (S.D. Fla. Dec. 9, 2014) (citing *Iqbal*, 556 U.S. at 678).

### B.        Plaintiff has Failed to State a Claim for Breach of Contract.

In order to state a claim for breach of contract, the plaintiff must allege "(1) a valid contract; (2) a material breach; and (3) damages." *Brown v. Cap. One Bank (USA), N.A.*, No. 15-60590-CIV-Bloom/Valle, 2015 WL 5584697, at *2 (S.D. Fla. Sept. 22, 2015) (quoting *Int'l Star Registry*

*of Ill v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007)). The law is clear that a complaint "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor can a complaint rest on 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Rather, "[i]n order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached." *Id.* (quoting *Pierce v. State Farm Mut. Auto Ins. Co.,* No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 14, 2014)). *See also George v. Wells Fargo Bank, N.A.,* No. 13-80776-CIV, 2014 WL 61487, at *4 (S.D. Fla. Jan. 8, 2014) (failure to identify which provision of the contract has been breached "runs afoul of *Twombly*" and "renders the pleading deficient under Florida contract law"); *Gentry v. Harborage Cottages-Stuart, LLP,* No. 08-14020-CIV, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) ("Where the facts pleaded are insufficient to determine which of the provisions may have been breached, the claim cannot survive a motion to dismiss."). "It is a basic tenet of contract law that a party can only advance a claim of breach of contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Grp. v. Reed Elsevier, Inc.*, 594 Fed. Appx. 606, 608 (11th Cir. 2015) (quoting *Harris v. Am. Postal Workers Un.*, 198 F.3d 245 (6th Cir. 1999)). "It is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached." *Cruz v. Underwriters at Lloyd's London*, No. 8:14-CV-1539-T-33TBM, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014).

It is well-established that, "[u]nder Florida law, a student and a private university have a contractual relationship." *Jarzynka v. St. Thomas Univ. Sch. of Law*, 310 F. Supp. 2d 1256, 1268

(S.D. Fla. 2004) (citing *John B. Stetson Univ. v. Hunt*, 102 So. 637, 640 (Fla. 1924) and *Sharick v. Se. Univ. of Health Sciences Inc.,* 780 So. 2d 136, 138 (Fla. 3d DCA 2000)). It also is generally accepted that the terms and conditions of that contractual relationship are set forth in the publications of the private university. *Id.* at 1268-69 (citing *Sharick*, 780 So. 2d at 138). As the Eleventh Circuit has explained:

> Under Florida law, the legal relationship between a private university and a student is "solely contractual in character." *Jallali v. Nova Se. Univ., Inc.*, 992 So. 2d 338, 342 (Fla. 4th DCA 2008) (quotation marks omitted). The university "may set forth the terms under which it will admit and subsequently graduate students who subject themselves to the rules, regulations and regimen of the college." *Univ. of Miami v. Militana*, 184 So. 2d 701, 704 (Fla. 3d DCA 1966). These terms may be derived from university publications such as the student handbook and catalog. *Jallali*, 992 So. 2d at 342. "A court will not interfere with a private university's enforcement of its regulations unless the university has acted arbitrarily and capriciously, in violation of a constitution or statute, or for fraudulent purposes." *Id.* at 343.

*Sirpal v. Univ. of Miami*, 509 Fed. Appx. 924, 929 (11th Cir. 2013). *See also Orzechowitz v. Nova Se. Univ.,* No. 13-62217-CIV, 2014 WL 1329890, at *2 (S.D. Fla. Mar. 31, 2014); *McCawley v. Universidad Carlos Albizu, Inc.*, 481 F. Supp. 2d 1251, 1256 (S.D. Fla. 2006).

Here, Plaintiff has failed sufficiently to allege the essential terms of her contract with the University which allegedly have been breached, as required to state a claim for breach of contract. As the United States District Court for the Middle District of Florida explained, a student suing a private university for breach of contract must set forth in his/her complaint the specific rule or procedure that the university allegedly violated:

> Under Florida law, "[t]here is an implied contract between a student and a private university that if the student fully complies with the rules and regulations of the institution, then the university will confer to him a degree." *McCawley v. Universidad Carlos Albizu, Inc.,* 461 F. Supp. 2d 1251, 1257 (S.D. Fla. 2006) (citations omitted). The terms of this relationship are generally set forth in university catalogs, student manuals, student handbooks, and other university policies and procedures. *Id. See also Ali v. Stetson Univ., Inc.,* 340 F. Supp. 2d 1320, 1328 (M.D. Fla. 2004) (quoting *Univ. of Miami v. Militana*, 184 So. 2d 701, 704 (Fla. 3d DCA 1966) ("it is generally accepted that the terms and conditions for

graduation are those offered by the publications of the college at the time of enrollment")).

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc*., 564 F. 3d 1256, 1272 (11th Cir. 2009). To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Id.* (citations omitted). ***Because the terms of a student's implied contract with the university are set forth in the university's catalogs, student manuals, student catalogs, and other policies and procedures, federal courts have dismissed breach of contract claims against a university when the plaintiff fails to specify the particular rule or procedure that the university allegedly violated.*** *See Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 208 (W.D.N.Y. 2013); *Faiaz v. Colgate Univ*., 64 F. Supp. 3d 336, 358 (N.D.N.Y. 2014) ("Plaintiff must identify the specific terms of the implied contract that he claims were violated by the university …. The failure to do so will result in dismissal of the contract claim").

\* \* \*

As noted above, a plaintiff must plead a sufficient specification of the essential terms of the parties' contract, which, under Florida law, are set forth in the university catalogs, student manuals, student handbooks, or other university policies and procedures. *McCawley*, 461 F. Supp. 2d at 1257. Here, the Complaint makes no reference to any of the aforementioned documents. Doc. No. 1. Thus, Plaintiff has failed to sufficiently allege the contract's essential terms. *See Routh*, 981 F. Supp. 2d at 208; *Faiaz,* 64 F. Supp. 3d at 358. Considering the foregoing, it is recommended that the Court dismiss the Complaint.

*Villard v. Capella Univ*., No. 6:17-cv-1429-Orl-41GJK, 2017 WL 9253388, at \*2 (M.D. Fla. Dec. 21, 2017) (emphasis added), *R&R adopted,* 2018 WL 2011433 (Apr. 30, 2018).

This pleading requirement - - that a student asserting a breach of contract claim against a private university must specifically identify the policy or rule allegedly breached - - is not unique to Florida law. For example, in *Gibson v. Walden Univ.,* LLC, 66 F. Supp. 3d 1322 (D. Or. 2014), the district court noted that, "[i]n order to state a claim for breach of contract in the private university context, the plaintiff 'must point to an identifiable contractual promise that the defendant failed to honor.'" 66 F. Supp. 3d at 1324 (quoting *Ross v. Creighton Univ.,* 957 F. 2d 410, 416 (7th Cir. 1992)). In *Gibson*, the court dismissed the student's contract claim because

"Plaintiff has failed to state a claim for breach of contract based on the Walden Student Handbook." *Id.* at 1326.

Similarly, in *David v. Neumann Univ.*, 177 F. Supp. 3d 920 (E.D. Pa. 2016), the district court recognized that the relationship between a student and a private university is contractual, the contract being comprised of the written guidelines, policies and procedures as contained in the written materials distributed to the student. *Id.* at 925. Moreover, the court recognized that the allegations in a breach of contract suit against a private university must identify the specific promise that the school failed to honor. *Id.* (citing *Vurimindi v. Fuqua Sch. of Bus.*, 435 Fed. Appx. 129, 133 (3d Cir. 2011) ("the allegations must relate to a specific and identifiable promise that the school failed to honor") and *Hart v. Univ. of Scranton,* No. 11-1576, 2012 WL 1057383, at *4 (M.D. Pa. Mar. 28, 2012) (dismissing breach of contract claims against university where plaintiff failed to point to any specific terms in the handbook that the university allegedly violated)). In *David*, the court held that the plaintiff had failed to state a claim for breach of contract because the complaint did not make clear which policies and/or procedures the university allegedly breached. *Id. See also Nungesser v. Columbia Univ.,* 169 F. Supp. 3d, 369-70 (S.D.N.Y. 2016) (dismissing student's breach of contract claim because student failed to identify specifically designated and discrete promises allegedly breached and noting that general policy statements and broad and unspecified procedures and guidelines will not suffice).

In short, as is the case in Florida, courts in numerous other jurisdictions have recognized that the relationship between a student and a university is contractual. Thus, "a student asserting a breach of contract claim must identify specific terms of the implied contract that were allegedly violated by the college (such as an internal rule, regulation, or code), and failure to do so is fatal to the claim." *Lee v. Univ. of N.M.,* No. CIV 17-1230 JB/LF, ___ F. Supp. 3d ___, 2020 WL

1515381, at *50 (D.N.M. Mar. 30, 2020) (quoting *Rolph v. Hobart and William Smith Colls.*, 271 F. Supp. 3d 386, 405-06 (W.D.N.Y. 2017)). Here, Plaintiff's relationship with the University is contractual, and she has failed to set forth any provision of the contract (*i.e.,* the student handbook or any other University publication or policy) that the University has breached. Accordingly, no breach of contract claim has been stated, and Count I should be dismissed.

  **C.**  **Plaintiff has Failed to State a Claim for Unjust Enrichment.**

  As noted, in her breach of contract claim, Plaintiff alleges that she paid the cost of tuition for the Spring 2020 semester as well as other mandatory fees (DE 1 ¶ 16), and that the University moved to virtual instruction on March 23, 2020 due to the global COVID-19 pandemic. (*Id.* ¶ 20). She further alleges that, as a result of the closure of its facilities, the University has not delivered the educational services that Plaintiff contracted and paid for. (*Id.* ¶ 23). Plaintiff alleges that she entered into a binding contract with the University and that, in exchange for payment of tuition, she was entitled to in-person educational services for the entire Spring 2020 semester. (*Id.* ¶ 41). Plaintiff asserts that she did not receive the benefits of her bargain and that she is entitled to reimbursement of certain tuition, fees and other expenses that were collected by the University for services that the University failed to deliver. (*Id.* ¶ 44).

  Plaintiff's unjust enrichment claim is virtually indistinguishable from her breach of contract claim. In Count II, Plaintiff alleges that she conferred a benefit on the University in the form of tuition and other fees paid in exchange for educational services through the Spring 2020 semester and, thus, was entitled to in-person educational services through the end of that semester. (*Id.* ¶ 48). She further alleges that the University has retained this benefit even though it has failed to provide in-person education since it shut down due to the pandemic. (*Id.* ¶ 50). As with her breach of contract claim, Plaintiff asserts that the University should return the pro-rated portion of

10

any Spring 2020 semester tuition and fees for educational services not provided since the University shut down. (*Id.*).

"The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *American Marine Tech, Inc. v. World Group Yachting,* 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019) (quoting *Hercules, Inc. v. Pages*, 814 F. Supp. 79, 80 (M.D. Fla. 1993)). "[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Id.* (quoting *Gary v. D. Agustini & Associados S.A.,* 865 F. Supp. 818, 827 (S.D. Fla. 1994)).

Although, under certain circumstances, a plaintiff is entitled to plead an unjust enrichment as an alternative theory to a legal cause of action, "'where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal cause of action, it is not a true alternative theory of relief but rather is duplicative of those causes of action' and warrants dismissal." *Koski v. Carrier Corp.,* 347 F. Supp. 3d 1185. 1196 (S.D. Fla. 2017) (quoting *Licul v. Volkswagen Grp. Of Am.,* No. 13-61686, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013)), Moreover, it is immaterial that Plaintiff here has failed to state a claim for breach of contract - - unjust enrichment claims properly may be dismissed where they rely on the same factual predicate as a breach of contract claim even though the court also has dismissed the breach of contract claim. *Id.* (citing *Leader Glob. Sol.'s LLC v. Tradeco Infraestructura, S.A. DE C.V.*, 155 F. Supp. 3d 1310, 1320-21 (S.D. Fla. 2016)).

Here, Plaintiff's unjust enrichment claim is based on the same predicate common facts as her breach of contract claim. Moreover, nowhere in her Complaint does Plaintiff state that her

unjust enrichment claim is pled in the alternative. Accordingly, the claim of unjust enrichment is deficient and should be dismissed. As the district court in *Silver Crown Invest., LLC v. Team Real Estate Management, LLC,* 349 F. Supp. 3d 1316, 1333 (S.D. Fla. 2018), explained, in dismissing the plaintiff's claim for unjust enrichment:

> [W]hile plaintiffs are allowed to plead a breach of contract claim and, in the alternative, an unjust enrichment claim, that is not what Plaintiffs have done here. Count XIV does not say that it is pled in the alternative and it is based on the same facts as Plaintiffs' breach of contract claim. *See Coleman v. CubeSmart,* 328 F. Supp. 3d 1349, 1360 (S.D. Fla. 2018) (Martinez, J.) (dismissing an unjust enrichment claim because count did not state the claim was plead in the alternative, and the claim was based on the same predicate common facts underlying the other counts.). Accordingly, Plaintiffs have not sufficiently pled a claim for unjust enrichment.).

Similarly, Plaintiff has failed to state a claim against the University for unjust enrichment and, thus, Count II of her Complaint should be dismissed.

### D. Plaintiff has Failed to State a Claim for Conversion.

In Count III of her Complaint, Plaintiff misguidedly attempts to state a claim against the University for conversion. Here, Plaintiff incorporates all prior allegations and, in addition, alleges the identical wrong and seeks the identical remedy as in her breach of contract and unjust enrichment claims. Plaintiff alleges that she had an ownership right to the in-person educational services she was supposed to be provided in exchange for her Spring 2020 semester tuition and fee payments to the University. (DE 1 ¶ 54). Plaintiff asserts that the University intentionally interfered with her rights when it moved all classes to a virtual format and discontinued in-person educational services for which the tuition and fees were intended to pay. (*Id.* ¶ 56). Plaintiff alleges that she is entitled to the return of a pro-rated portion of any Spring 2020 semester tuition and fees for in-person education services that have not been provided since the University shut down due to the pandemic. (*Id.* ¶ 59).

"Conversion is defined as 'an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein.'" *Cabana on Collins, LLC v. Regions Bank,* No. 11-21204-CIV-ALTONAGA/Simonton, 2011 WL 13223712, at *2 n.2 (S.D. Fla. June 7, 2011) (quoting *Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1012 (S.D. Fla. 1992)). "In essence, conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Id.* If, as here, there is a contractual relationship between the parties, in order to state a claim for conversion, the conversion "must go beyond, and be independent from, a failure to comply with the terms of the contract." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) (citing *Ginsberg v. Lennar Fla. Holdings, Inc.,* 645 So. 2d 490, 495 (Fla. 3d DCA 1994) ("[A] plaintiff may not circumvent the contractual relationship by bringing an action in tort.")).

The allegations of Plaintiff's Complaint are unclear, but she appears to allege that the University converted both her alleged right to "in-person educational services" and her "tuition and fees." (DE1 ¶¶ 53-59). Neither is sufficient to state a claim for conversion under Florida law. As to her alleged right to "in-person educational services," it is well-established that "intangible property rights cannot, standing alone, be the subject of a conversion claim." *AutoNation, Inc. v. GAINSystems, Inc.*, No. 08-61632-CIV, 2009 WL 1941279, at *8 (S.D. Fla. July 7, 2009). *See also Al-Ghena Int'l Corp. v. Radwan*, No. 13-61557-CIV, 2014 WL 12729283, at *7 (S.D. Fla. Apr. 15, 2014) (dismissing conversion claim with prejudice because "Plaintiffs have not alleged that Defendants have wrongfully retained any non-monetary tangible property").

As to her tuition and fees, "Florida courts have long held that when money is the subject of claims for conversion, there must have been an obligation to keep intact or deliver the specific money in question, so that the money can be identified." *Id.* (quoting *Combe v. Flocar Inv. Grp.*

*Corp.*, No. 1:13–cv–22727–UU, 2013 WL 5568726, at *6 (S.D. Fla. Oct. 9, 2013)). *See also IberiaBank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283, 1306 (M.D. Fla. 2013) ("For money to be the object of conversion there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified.") (quoting *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008) and *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011)), *aff'd*, 589 Fed. Appx. 479 (11th Cir. 2014). In other words, under Florida law, "[m]oney cannot be converted unless the money is a specifically identifiable fund such as an escrow account, a bag of gold coins, or the like." *In re Mouttet*, 493 B.R. 640, 662 (Bankr. S.D. Fla. 2013) (citing *Belford Trucking Co. v. Zagar*, 243 So. 2d 646 (Fla. 4th DCA 1970)). Here, Plaintiff has not alleged that the University was under an obligation to "keep intact or deliver" any specific funds from the Plaintiff. Nor could she. Because Plaintiff has not identified (and cannot identify) any property that could be the subject of a conversion claim, this claim should be dismissed.

Moreover, in Florida, there are two situations in which a claim for conversion is recognized even where there exists a contractual relationship between the parties, and each involves the existence of conversion independent of an alleged failure to perform contractual duties. "The first arises where defendants or their employees have stolen or embezzled funds, which were entrusted to them by the plaintiffs, for their own benefit." *Cabana on Collins,* 2011 WL 13223712, at *3 (citing *Szterensus v. Bank of Am., N.A*., No. 08-22669-CIV, 2010 WL 427509, at *1 (S.D. Fla Feb. 1, 2010) (finding that plaintiffs' allegations that the money deposited with defendant bank was stolen by a bank employee presented more than mere breach of contract) and *Burke v. Napieracz,* 674 So. 2d 756, 758 (Fla. 1st DCA 1996) (noting that defendant's "affirmative and intentional act of converting the funds to his own use by allegedly stealing the monies to which he was entrusted" gave rise to a tort separate and independent from the breach of contract).

Here, the allegations of Plaintiff's attempted claim for conversion are not independent of an alleged failure on the part of the University to perform its alleged contractual duties. Plaintiff does not allege that the University stole or embezzled her funds - - nor could she do so in light of Rule 11. Rather, the allegations of Plaintiff's breach of contract claim and her conversion claim are identical. Both claims assert that the University was contractually required or duty-bound to provide in-person educational services to Plaintiff in exchange for her payment of tuition and fees and that, by failing to do so during the latter part of the Spring 2020 semester, the University both breached its contract with Plaintiff and converted her tuition payment which was earmarked for in-person education.

"The second situation where these claims constitute more than mere breach of contract involves funds that are owned by the plaintiff and given to defendant to temporarily hold in a segregated and identifiable account, which the defendant then refuses to return." *Cabana on Collins,* 2011 WL 13223712, at *3. "In this second line of cases, the defendants are entrusted with funds which belong to plaintiff, and plaintiffs' right to those funds does not arise out of contract." *Id.* This is not a situation which has any application here. In this case, Plaintiff specifically alleges that, by accepting tuition and fees for the Spring 2020 semester, the University was contractually obligated to provide in-person education and its failure to do so constituted a breach of contract. The identical allegations give rise to Plaintiff's conversion claim.

As the Court found in *Cabana on Collins,* in dismissing the plaintiff's claim for conversion, the breach of contract claim is "simply re-labeled as conversion." 2011 WL 13223712, at *4. The same is true here. Plaintiff has failed to state a claim for conversion and, accordingly, Count III of the Complaint should be dismissed.

### III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

The deficiencies identified above are more than sufficient to dismiss the Complaint. Although pleading deficiencies occasionally can be cured through amendment, Plaintiff's claims suffer from incurable defects. Plaintiff has asserted various tort, contractual and quasi-contractual theories in the three Counts of her Complaint, but the gravamen of all of her claims is the same: Plaintiff contends that, by transitioning the University's services to an online/virtual format in response to the COVID-19 pandemic, the University has delivered services that "are subpar in practically every aspect" as compared to in-person services. (DE 1 ¶¶ 6, 26-27). Plaintiff's theory is not cognizable as a matter of Florida law.

Nearly forty years ago, Florida's Third District Court of Appeal held that a claim of "educational malpractice" - - premised on the theory that a plaintiff-student had been placed in an "improper special educational program" - - was not recognized under Florida law. *Tubell v. Dade Cty. Pub. Sch.*, 419 So. 2d 388, 389 (Fla. 3d DCA 1982) (collecting cases from across the country). The Florida Supreme Court extended that holding after surveying a series of cases nationwide where courts "reject[ed] claims that have arisen in a variety of educational settings." *Dep't of Health & Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 915 (Fla. 1995) (collecting cases). That is because "a private university has broad discretion in what rules and regulations it shall issue and how it enforces its rules." *McCawley v. Universidad Carlos Albizu, Inc.*, 461 F. Supp. 2d 1251, 1257 (S.D. Fla. 2006) (citing *John B. Stetson Univ. v. Hunt*, 102 So. 637, 640 (Fla. 1924) and *Robinson v. Univ. of Miami*, 100 So. 2d 442, 444 (Fla. 3d DCA 1958)). *See also Jallali v. Nova Se. Univ., Inc.*, 992 So. 2d 338, 342 (Fla. 4th DCA 2008) ("[u]niversity faculties must have the widest range of discretion in making judgments as to the academic performance of students and

their entitlement to promotion or graduation") (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 n.11 (1985)).

In sum, Florida simply does not recognize a claim that "a school has failed to properly educate a student." *See Simon v. Celebration Co.*, 883 So. 2d 826, 832 n.1 (Fla. 5th DCA 2004). Applying these principles, federal district courts have rejected claims like Plaintiff's. *See, e.g.*, *C.P. v. Leon Cty. Sch. Bd.*, No. 4:03 CV 65 RH/WCS, 2005 WL 2133699, at *5 (N.D. Fla. Aug. 27, 2005) ("The claim is in essence one of educational malpractice, that is, failure to use reasonable care to provide an adequate education. This claim fails because Florida law recognizes no such cause of action."); *R.P. v. Leon Cty. Sch. Bd.*, No. 4:03CV387-SPM, 2005 WL 8164796, at *9 (N.D. Fla. Sept. 30, 2005) (dismissing, with prejudice, claim based on school's "failure to provide an adequate education" because it was "in essence a claim for educational malpractice," which "is not cognizable under Florida law").

This bar holds true regardless of the theory by which the claim is pursued. *Armstrong v. Data Processing Inst., Inc.*, 509 So. 2d 1298, 1299 (Fla. 1st DCA 1987) ("Regardless of the nomenclature, the gravamen of count III is a cause of action for educational malpractice which is not cognizable in Florida."); *Tubell v. Dade Cty. Pub. Sch.*, 419 So. 2d 388, 389 n.1 (Fla. 3d DCA 1982) (affirming dismissal of multi-count complaint because, "regardless of the nomenclature" used, the claims were for educational malpractice). In fact, one district court recently confirmed an arbitration decision, in which the arbitrator rejected an education malpractice claim that was couched as a breach-of-contract claim. *McCurdy v. Virginia Coll., LLC*, No. 3:17-CV-562-J-32JBT, 2018 WL 1886579, at *3 (M.D. Fla. Mar. 7, 2018) ("Educational malpractice claims are those based on inadequate educational services, even if under the guise of a . . . breach of contract claim.") (alteration in original), *R&R adopted*, 2018 WL 1877472 (M.D. Fla. Apr. 19, 2018).

Here, it is clear that Plaintiff's claims are based on her allegation that virtual educational services are "subpar" to in-person educational services. Such a claim simply does not exist under Florida law. Because Plaintiff's claims cannot be salvaged through amendment, dismissal should be with prejudice. *See Rance v. Winn*, 287 Fed. Appx. 840, 841 (11th Cir. 2008) (affirming dismissal of original complaint with prejudice because "district courts need not permit amendment where it would be futile to do so"); *Scheider v. Leeper*, No. 3:15-CV-364-J-34JRK, 2016 WL 916557, at *4 (M.D. Fla. Mar. 10, 2016) (dismissing original complaint with prejudice because "any amendment would be futile").

Finally, because Plaintiff has failed to state any viable claim against the University in her individual capacity, it is unnecessary to address the deficiencies in Plaintiff's allegations as to the class she purports to represent. Rather, "[w]hen a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." *Henley v. Turner Broadcasting Sys., Inc.,* 267 F. Supp. 3d 1341, 1357 (N.D. Ga. 2017) (quoting *Sanford v. MemberWorks, Inc.,* 625 F. 3d 550, 560 (9th Cir. 2010) and citing *Hardy v. Fischer*, 701 F. Supp. 2d 605, 611 n.5 (S.D.N.Y. 2010)) ("In order for the [putative class action] complaint to survive this motion to dismiss, the allegations of at least one named plaintiff must state a claim for relief."). *See also Pruell v. Caritas Christi*, No. 09-cv-11466, 2010 WL 3789318, at *4 (D. Mass. Sept. 27, 2010) ("To survive a motion to dismiss [in a putative class action], the allegations of at least one named plaintiff must state a claim for relief."); *Sheet Metal Workers 441 Health & Welfare Plan v. GlaxoSmithKline*, 263 F.R.D. 205, 210 (E.D. Pa. 2009) ("When the named plaintiff lacks a cause of action, the Court should dismiss the action before proceeding to class certification."); *Burks v. Arvest Bank*, No. 4:06-cv-00551, 2006 WL 3512478, at *2 (E.D. Ark. Dec. 6, 2006) ("Since the Court has dismissed the sole named Plaintiff's individual

claims, the Court must dismiss the class allegations as well and no notice of this involuntary dismissal need be given to any alleged unnamed class members.").

In short, "[a] putative class action complaint should be dismissed if the named plaintiff's individual claims fail to state a claim for relief." *Parrish v. Arvest Bank,* 717 Fed. Appx. 756, 760 (10th Cir. 2017). *See also Kunneman Prop., LLC v. Marathon Oil Co.,* No. 17-CV-00456-GFK-JFJ, 2019 WL 4658362, at *1 (N.D. Ok. Sept. 24, 2019) (citing *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F. 3d 1208, 1213 (10th Cir. 2006) ("[a] putative class action complaint is properly dismissed if the named plaintiff's claims fail to state a plausible claim for relief.")). That is the case here. Accordingly, Plaintiff's entire Complaint should be dismissed with prejudice.

## CONCLUSION

Plaintiff's own Complaint is self-defeating. Not only is it a shotgun pleading, but the claims she has chosen to assert are factually and legally meritless. The Complaint fails to state any claim upon which relief can be granted. Therefore, it properly should be dismissed. Further, because any amendment would be futile, the dismissal should be with prejudice.

WHEREFORE, the University respectfully requests that the Court (1) dismiss Plaintiff's Complaint with prejudice; (2) award the University its attorneys' fees and costs to the fullest extent permitted by applicable law; and (3) grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
       Eric D. Isicoff
       Florida Bar No. 372201
       Isicoff@irlaw.com
       Teresa Ragatz
       Florida Bar No. 545170
       Ragatz@irlaw.com
       Christopher M. Yannuzzi
       Florida Bar No. 92166
       Yannuzzi@irlaw.com

*Lead Counsel for Defendant, University of Miami*

and

**NELSON MULLINS BROAD AND CASSEL**
Mark F. Raymond
Florida Bar No. 373397
2 S. Biscayne Boulevard
One Biscayne Tower, 21st Floor
Miami, Florida 33131
Tel: (305) 373-9425
E-mail: mark.raymond@nelsonmullins.com

*Co-Counsel for Defendant, University of Miami*

<u>**CERTIFICATE OF SERVICE**</u>

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

CM/ECF this 21st day of May, 2020, upon the following:

BURSOR & FISHER, P.A.
Sarah N. Westcot
2665 S. Bayshore Drive, Suite 220
Miami, Florida 33133
Tel: (305) 330-5512
Fax: (305) 676-9006
E-mail: swestcot@bursor.com

By: /s/ Eric D. Isicoff
Eric D. Isicoff