**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: UNIVERSITY OF MIAMI COVID-19
TUITION AND FEE REFUND LITIGATION

Case No.: 20-60851-CIV-SINGHAL

**PLAINTIFFS' JOINT MOTION FOR APPOINTMENT OF CO-LEAD**
**INTERIM CLASS COUNSEL**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION…………………………………………......………………...……………...……1

APPLICABLE LAW……..…………………………………………………..……………..……....2

ARGUMENT………………………………………………………………..…………..……..4

     I.  Standard for Appointment of Interim Class Counsel…….…………….….…..…4

     II.  Proposed Interim Class Counsel Has Thoroughly Identified
         and Investigated the Claims…………………………………….……………..…6

     III.  Proposed Interim Class Counsel is Experienced in Handling
          Class Actions and Other Complex Litigation…………….……………….…....12

     IV.  Proposed Interim Class Counsel Has the Ability and Desire to
          Commit the Necessary Resources to Represent the Classes……...............……12

CONCLUSION……………………………………………………………….……………14

<u>**TABLE OF AUTHORITIES**</u>

**RULES**

Fed. R.Civ. P. 23(g)…………………………………………….…………..…………......1

Fed. R. Civ. P. 23(g)(3)………………………………………………….…….….…….1

Fed. R. Civ. P. 23(g)(2)(A)…………………………………………………….…….………2

Fed. R. Civ. P. 23(g)(1)……………………………………………………………………3

Fed. R. Civ. P. 23(g)(1)(A)(ii)……………………………………………………………6

**OTHER AUTHORITIES**

Advisory Committee Note to Rule 23(g)…………………………………………………2

Manual for Complex Litigation (4th ed.)…………………………………………………..2,3

## INTRODUCTION

On August 5, 2020, the Court entered an Order consolidating four related actions pending before this Court (Case Nos. 20-60851-CIV; 20-22207-CIV; 20-22316-CIV; and 20-22594-CIV) and directing Plaintiffs to file a Motion to Appoint Lead Counsel no later than August 7, 2020. Plaintiffs Valeria Dimitryuk ("Dimitryuk"), Michael Weiss ("Weiss"), and Adelaide Dixon ("Dixon") (collectively referred to herein as "Plaintiffs"), having met and conferred with each other, jointly submit that they have been able to reach an agreement as to a leadership structure that would best serve the putative class(es) and move this Court for entry of an Order regarding the same. As a result, they move under Federal Rule of Civil Procedure 23(g)(3), for an order appointing Bursor & Fisher, P.A. ("Bursor & Fisher"), Hagens Berman Sobol Shapiro, LLP ("Hagens Berman"), and Anastopoulo Law Firm, LLC ("Anastopoulo"), (collectively, "Proposed Co-Lead Interim Class Counsel") as co-lead interim class counsel. Bursor & Fisher, Hagens Berman, and Anastopoulo have significant nationwide consumer class action and complex litigation experience, knowledge of the applicable law, and substantial resources to litigate these actions.[1] They also have a proven track record of success in consumer class actions, mass actions, and complex litigation that will be of great benefit to the proposed class(es). Appointment of interim class counsel will promote efficiency, conserve judicial resources and create a unified voice for putative class members that will streamline this litigation with a team capable of taking the case to trial if necessary.

---

[1] Hagens Berman's request for appointment as Interim Class Counsel is further supported by their co-counsel in *Weiss*, Grossman Roth Yaffa Cohen, P.A., a Miami-based law firm that also has extensive experience prosecuting class actions in its own right. Grossman Roth's availability and experience will further benefit plaintiffs and the class and ensure that Hagens Berman continues to satisfy LR 4's appearance requirements.

Specific to tuition refund litigation, Courts have already recognized the firms' experience and qualifications to serve as interim lead counsel. Anastopoulo has already been appointed co-lead counsel in *In re Columbia University Tuition Refund Action* in the Southern District of New York (1:20-cv-03208-JMF) and *Montesano v. The Catholic University of America* in the District of Columbia (1:20-cv-01496-DLF). Both Bursor & Fisher and Anastopoulo were appointed as co-lead counsel in *Qureshi v. American University* in the District of Columbia (1:20-cv-01141-CRC). Likewise, Hagens Berman was appointed one of three interim co-lead counsel in the *In re USC Tuition & Fees COVID-19 Refund Litigation* in the Central District of California (2:20-cv-04066-DMG) and is leading the charge in numerous other cases. Additionally, the firms await other resolutions of other leadership appointment requests and are otherwise leading nationally in this emerging field.

## **APPLICABLE LAW**

The appointment of interim class counsel is recommended early, before class certification to protect the interests of the putative class. *See* Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for designating interim class counsel to act on behalf of a putative class before determining class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Although the rule states the court "may" appoint an interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of interim class counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities." *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008)

2

(internal citations omitted); *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019) ("Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently."). Further, the Notes contemplate "that in many cases the need to progress toward the certification determination may <u>require</u> designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

In the *Manual*, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22. The most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which govern the appointment of class counsel once a class is certified, apply equally to designating interim class counsel before certification. *See Anderson v. Fiserv, Inc.*, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010); *Bernstein*, 2019 WL 6324276, at *1 ("When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A).").

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing
the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified,

experienced and generally capable of conducting class action litigation.  *See Blessing v. Sirius*

*XM Radio Inc.*, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011).  Each of these

considerations, support the appointment of Bursor & Fisher, Hagens Berman, and Anastopoulo

as co-lead interim class counsel.

## ARGUMENT

**I.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL HAS THOROUGHLY
IDENTIFIED AND INVESTIGATED THE CLAIMS**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily

be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of

counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the
> complaint requires some investigatory and analytical effort, tasks that
> strangers to the action most likely will not have undertaken.  All other
> things being equal, when an attorney has performed these or other
> investigative and analytical tasks before making the application for
> appointment, he or she is in a better position to represent the class fairly
> and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Bursor & Fisher, Hagens Berman, and Anastopoulo's work in identifying and

investigating the claims in this case demonstrates that they have and will continue to fairly and

adequately represent the proposed Class.  For example, Proposed Co-Lead Interim Class

Counsel has performed the following work thus far:

4

a)  Investigated potential legal claims arising from Defendant's closure of its campus and failure to provide in-person classes during the Spring 2020 term;

b)  Reviewed and analyzed numerous articles describing Defendant's challenged conduct;

c)  Reviewed and analyzed Defendant's website;

d)  Reviewed and analyzed Defendant's policies, student handbooks, and course catalogs;

e)  Conferred with potential consulting experts regarding the technical aspect of Defendants' conduct; and

f)  Reviewed and analyzed Defendant's billing records, and students' payment records, relating to the Spring 2020 semester;

g)  Investigated the nature of the challenged conduct at issue by interviewing numerous University of Miami students;

h)  Reviewed and analyzed comments and statements by University of Miami staff related to the challenged conduct at issue;

i)  Investigated the adequacy of the named Plaintiffs to represent the putative class;

j)  Drafted and filed the Complaints in this action;

k)  Served the Complaints in this action;

l)  Cooperated with defense counsel on venue transfer and other issues;

m)  Met, conferred and cooperated on the filing of a joint response to the Court's Order relating to consolidation; and

n)  Met, conferred and cooperated on the filing of this motion.

These investigative and cooperative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop and demonstrate the claims alleged in the Complaint.  These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim

5

class counsel.

The Notes to Rule 23 also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery before a determination to grant or deny class certification under Fed. R. Civ. P. 23(c)(1), because "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). Here, significant discovery and related motion practice is expected to take place before class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Discovery in this matter may be complicated, and it may require meet-and-confers and motion practice before class certification. Proposed Co-Lead Interim Class Counsel's thorough investigation into the claims will enable them to efficiently and adequately handle this discovery and related motion practice.

## II.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL IS EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Here, Proposed Co-Lead Interim Class Counsel has substantial experience handling consumer class actions and other complex litigation, including successful experience litigating and settling consumer claims for unjust enrichment and breach of contract. The firms' attorneys have significant complex and class action litigation experience having represented plaintiffs in over 100 class action lawsuits in state and federal courts throughout the United States. *See generally* Decl. of Sarah N. Westcot ("Westcot Decl."); Decl. of Steve W. Berman ("Berman Decl."); Decl. of Roy T. Willey ("Willey Decl.").

**Bursor & Fisher**

Bursor & Fisher has an extensive and successful history throughout the country,

6

including certification of contested nationwide classes in cases such as *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014) and *Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017), and New York and California classes in *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015). As Judge S. Rakoff of the Southern District of New York recognized in appointing Bursor & Fisher class counsel in *Ebin*, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. . . . The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008." *Ebin*, 297 F.R.D. at 566.

More generally, within the past seven years, Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel in over thirty class actions. Bursor & Fisher also negotiated and obtained court approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively, at the time). Westcot Decl. ¶ 2. These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. *Id.* Bursor & Fisher has also proven that it can—and will—take cases to trial if necessary, having won multi-million dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008. *Id.* at ¶ 4. For example, while serving as lead trial counsel in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id.* And last year, in *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment. *Id.*

Bursor & Fisher is a leader in the emerging field of COVID-19 refund litigation, having been appointed to serve as co-lead interim class counsel in a number of COVID-19 related

refund matters.  Judge Altman recently appointed Bursor & Fisher as co-lead interim class

counsel in *Hill, et al. v. Spirit Airlines, Inc.*, Case No. 20-cv-60746 (S.D. Fla.) (representing a

putative class of consumers seeking refunds for airline tickets purchased for flights cancelled due

to COVID-19.  Bursor & Fisher was also recently appointed as co-lead interim class counsel in

*Qureshi v. American University*, 1:20-cv-01141-CRC (DCD), another university tuition and fee

refund matter.  Bursor & Fisher's experience in this field will lead to many efficiencies that will

ultimately benefit the putative class in this action.

**Hagens Berman**

      Likewise, Hagens Berman has a history of success and experience litigating as lead

counsel, including in in this district.  *See generally* Ex. A to Berman Decl. (attaching firm

resume).  For example in the *Rosner, et al. v. United States*, Case No. 01-1859-CIV (S.D. Fla.),

Hagens Berman served as co-lead counsel, obtaining significant relief for class members,

including a $25.5 mm settlement fund to provide humanitarian relief to needy survivors of the

Hungarian Holocaust worldwide and the non-monetary relief included a statement of apology

issued by the United States government over its handling of Jewish Hungarian property in

Austria in 1946.  Berman Decl., ¶ 5.  Hagens Berman and the other *Rosner* litigators drew praise

from Judge Patricia A. Seitz, as recorded in the final approval hearing transcript:

> And I would like to again, you will hear me throughout this
> hearing, compliment the lawyers.  I did so during the adversary
> process because you truly performed at a level, both sides, that
> really make the job of being a Judge a delight to see that quality of
> performance.  And in my capacity as a former President of the Bar,
> I am particularly delighted to see the profession represented by
> such outstanding lawyers.  I also found that same performance on a
> level when the efforts to resolve the conflict in not only the most
> humane, thoughtful, fair fashion, and the creativity and the
> sensitivity that the lawyers on both sides brought, because I realize
> this was a very hotly contested case, and the professionalism of
> both sides to move to that side for dispute resolution really was a

8

testament again to what value lawyers add to our civil society.

***

Our system has a system of justice that is the foundation since our
forefathers created this country and the Constitution in 1789 that
provides the court of justice where people can bring their
disagreements and hopefully resolve those disagreements either by
settlement or by litigation.  Here, because of the outstanding work
of the lawyers, we have been able to not only resolve the conflict,
but to begin a healing process and bring closure.

*Id.* ¶ 6.  More recently, Hagens Berman is currently leading a case before Judge Moreno on

behalf of purchasers of allegedly defective Ford Shelby Cobra cars.  *Tershakovec et al v. Ford*

*Motor Co.*, No. 1:17-cv-21087-FAM (S.D. Fla.).  *Id.* ¶ 7.

Other significant recoveries in other jurisdictions include *In re Electronic Books Antitrust*

*Litigation*, No. 11-md-2293 (DLC) (S.D.N.Y.) (where Hagens Berman was appointed co-lead

counsel in this complex litigation involving six defendants, 33 Attorneys General and the U.S.

Department of Justice, with settlements totaling more than $550 million, representing recovery

of approximately 200% of class members' damages.) and *In re Toyota Motor Corp. Unintended*

*Acceleration Marketing, Sales Practices, and Products Liability Litigation*, No. 10-md-02151

(C.D. Cal.) (where Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-

lead counsel and Hagens Berman secured a $1.6 billion settlement, the largest automobile class

settlement in history at the time).  Berman Decl., ¶¶ 8-9.  And as noted in *In re Stericycle, Inc.,*

*Sterisafe Contract Litig.*, which ultimately settled for $295 million, one judge remarked:

But it must be said that the track record of Hagens Berman and its
lead partner Steve Berman is even more impressive, having racked
up such accomplishments as a $1.6 billion settlement in the Toyota
Unintended Acceleration Litigation and a substantial number of
really outstanding big-ticket results.

It may be worth mentioning that to this Court's recollection it has
had no first-hand judicial experience with either of the two finalist
firms. . . . But that is not true of its colleagues in this District of

9

> more recent vintage, an email inquiry to whom brought in return
> some high praise of attorney Berman's skills.

Berman Decl., ¶ 10.

Hagens Berman also stands out for numerous appointments as class counsel on behalf of students. For example, Hagens Berman served as co-lead counsel for the Plaintiffs in landmark litigation in *In re: USC Student Health Center Litigation*, No. 2:18-cv-04258-SWB-GJS (C.D. Cal.). Berman Decl. ¶ 12. In that case, the court granted final approval to a $215 million settlement reached with USC and its former full-time gynecologist, Dr. George Tyndall, covering approximately 18,000 USC alumnae. *Id*. The settlement also required USC to implement important institutional changes as well. *Id*. The USC settlement is the largest-ever class resolution of sexual assault claims and first to incorporate equitable relief reforms ensuring institutional change and implemented a thoughtful, streamlined claims structure. *Id*. As another example, Hagens Berman secured a $208 million settlement on behalf of tens of thousands of current and former college-athletes in *In re: NCAA Grant-In-Aid Cap Antitrust Litigation*, No. 4:14-md-02541-CW (N.D. Cal.). *Id*. ¶ 13. There, Hagens Berman served as co-lead class counsel for the Consolidated Plaintiffs. *Id*. Hagens Berman represented a class of student-athletes who received a scholarship package (called a grant-in-aid, or GIA) and sought damages based on the difference in athletically related financial aid they could have received under new NCAA rules allowing for athletically related aid up to the full "cost of attendance," typically a few thousand dollars more per academic year. *Id*. In addition to securing the extensive settlement, the case included class-wide claims for injunctive relief, which Hagens Berman attorneys took to a successful bench trial. *Id*. Hagens Berman also served as co-lead counsel in *In re: NCAA Student-Athlete Concussion Litigation*, No. 13-cv-9116 (N.D. Ill.), brought on behalf of then-current and former NCAA student-athletes, which claimed that the NCAA had

been negligent and had breached its duty to (1) protect current and former student-athletes by failing to adopt rules regarding concussions and/or (2) manage the risks from concussions. *Id*. ¶ 14. Hagens Berman sought and obtained medical monitoring relief for all qualifying current and former student-athletes, among other benefits. *Id*. Hagens Berman secured a $75 million settlement that implements a 50-year medical monitoring program for student-athletes to assess certain mid- to late-life onset brain diseases and disorders, and included injunctive relief provisions to be implemented at NCAA member schools regarding return-to-play guidelines schools must follow after an athlete's head injury. *Id*.

**Anastopoulo Law Firm**

The same holds true for Anastopoulo. Anastopoulo Law Firm was selected to lead the South Carolina consolidated *Baycol* litigation for the first two scheduled bellwether trials, and served as lead counsel in *Reck v. Merck & Co* (Texas Consolidated Litigation) set for trial prior to settlement. Relevant to this particular litigation Anastopoulo has been appointed lead counsel by Judge Jesse Furman in the *In re Columbia Tuition Refund Litigation* pending in the Southern District of New York, and in two cases in the District of Columbia against American University and The Catholic University of America.

Last year alone, Anastopoulo recovered nearly $60,000,000.00 for its clients and the team of lawyers that are working on this case have significant jury verdict and settlement experience having obtained more than $70,000,000.00 in verdicts and judgments in the last several years. The Firm brings these results, and importantly the resources of full advocacy team including four full time investigators, and an internal focus group and mock trial program that allow it to test and develop theories and case strategies from the outset to benefit the proposed Classes.

Specific to this litigation, Anastopoulo currently has more than 30 class action cases

pending throughout the country related to college and university COVID-19 litigation, and has been appointed lead or co-lead counsel on the *In Re Columbia University Tuition Refund Action* 1:20-cv-03208-JMF (SDNY); *Quereshi v. American University*, 1:20-cv-01141-CRC (DCD); and *Montesano v. Catholic University of America*, 1:20-cv-01496 (DCD).  Currently, Anastopoulo has assembled an in-house team of five lawyers who are working exclusively on such cases, and has set aside the resources necessary to grow this team as needed. Collectively, the team has already spent more than 2,000 hours on research, drafting, and filings specific to the tuition refund litigation nationwide, providing efficiencies which are greatly beneficial to the proposed Classes in this case.

## III.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL ARE VERY FAMILIAR WITH THE APPLICABLE LAW

Proposed Co-Lead Interim Class Counsel are also knowledgeable about the law applicable to the instant claims, as demonstrated by their experience litigating other multi-state class actions and complex litigation cases.  As set forth above, the attorneys of Bursor & Fisher, Hagens Berman, and Anastopoulo have a long track record of successfully litigating and resolving large-scale consumer and complex actions.  Proposed Co-Lead Interim Class Counsel and are also familiar with the applicable laws and practices of this District, as well as this Court's rules and procedures, which will serve to minimize inefficiency in attorney time and litigation costs.  Finally, Proposed Co-Lead Interim Class Counsel are well versed in contract law, and the requirements under this jurisdictions law for the claims made in this action.

## IV.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS(ES)

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Anastopoulo, Bursor & Fisher, and Hagens Berman.  Anastopoulo, Bursor & Fisher, and Hagens Berman are not small firms with

limited class action practices.  Rather, they are well-established, successful law firms that have

the resources and personnel necessary to pursue a case of this magnitude, as they have

demonstrated in numerous similar class actions.  As a result, the firms can fully utilize their

resources and knowledge of class action practice to the direct benefit of Plaintiffs and the class

members.  Anastopoulo, Bursor & Fisher, and Hagens Berman have demonstrated the will and

ability to commit the necessary resources to assure a strong and well-supported case on behalf of

members of the proposed class.  The firms' resources are not merely financial, but also include

substantial expertise and work-product developed in other similar cases which will benefit

Plaintiffs and the putative class.  Anastopoulo, Bursor & Fisher, and Hagens Berman's ability to

draw from this well-developed repository of information will also allow them to streamline the

litigation.  As interim class counsel, Anastopoulo, Bursor & Fisher, and Hagens Berman will

continue to commit the same resources and effort to this case as they have committed to their

other, successful class action litigations.  Anastopoulo, Bursor & Fisher, and Hagens Berman

have already established a team of attorneys to litigate this matter, ensuring the most organized

and efficient representation of the putative class while avoiding duplicative and unnecessary

work.

On the litigation team from Anastopoulo are Eric M. Poulin and Roy T. Willey, IV.

From Bursor & Fisher Sarah N. Westcot and Andrew Obergfell will staff the case.  Hagens

Berman's team includes Steve W. Berman, Daniel J. Kurowski, and Whitney K. Siehl.  Notably,

proposed interim class counsel are currently working together on other actions involving similar

claims against colleges and universities throughout the country, and will be able to draw on that

experience and cooperative work to create efficiencies in this consolidated action.

Proposed Co-Lead Interim Class Counsel has also worked cooperatively to involve

counsel for all plaintiffs in this litigation, including counsel for Plaintiff Julie Gold.  To that end, Proposed Co-Lead Interim Class Counsel intends to enlist the assistance of Ms. Gold's counsel, Eggnatz Pascucci and Leeds Brown Law, P.C., as work in the case demands.  Counsel for Plaintiff Gold recognizes the experience of Bursor & Fisher, Hagens Berman, and Anastopoulo and supports their appointment as co-lead interim class counsel.

## **CONCLUSION**

In the interest of judicial economy, efficiency and for the best interests of the proposed classes Plaintiffs respectfully request that the Court appoint the above-mentioned team of Bursor & Fisher, Hagens Berman, and Anastopoulo as co-lead interim class counsel.

Dated: August 6, 2020

By: */s/ Sarah N. Westcot*
Sarah N. Westcot (FBN: 1018272)
**BURSOR & FISHER, P.A.**
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
swestcot@bursor.com

Andrew J. Obergfell (p*ro hac vice*)
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
aobergfell@bursor.com

*Attorneys for Plaintiff Dimitryuk*

Roy T. Willey, IV (p*ro hac vice*)
Eric M. Poulin (p*ro hac vice*)
Justin S. Hemlepp (FBN: 58991)
**ANASTOPOULO LAW FIRM**
32 Ann Street
Charleston, SC 29403
Telephone: 843-614-8888
Roy@akimlawfirm.com
Eric@akimlawfirm.com

JustinH@akimlawfirm.com

*Attorneys for Plaintiff Dixon*

Stuart Z. Grossman (FBN: 156113)
Rachel W. Furst (FBN: 45155)
**GROSSMAN ROTH YAFFA COHEN, PA**
2525 Ponce De Leon, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666
szg@grossmanroth.com
rwf@grossmanroth.com

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski (*pro hac vice*)
Whitney K. Siehl (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

*Attorneys for Plaintiff Weiss*

Joshua H. Eggnatz (FBN: 0067926)
Michael J. Pascucci (FBN: 0083397)
**EGGNATZ PASCUCCI**
7450 Griffin Rd, Ste. 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
Mpascucci@JusticeEarned.com

15

Jeffrey K. Brown (*pro hac vice* forthcoming)
Michael A. Tompkins (*pro hac vice*)
Brett R. Cohen (*pro hac vice*)
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

*Attorneys for Plaintiff Gold*

## CERTIFICATION OF MEET AND CONFER REQUIREMENTS

Undersigned, through Sarah N. Westcot, conferred with counsel for Defendant Eric Isicoff on this motion who indicated that Defendant will not be taking a position on plaintiffs' leadership motion.

By: */s/  Sarah N. Westcot*
Sarah N. Westcot

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via CM/ECF this 6th day of August, 2020 on all parties of record.

By: */s/  Sarah N. Westcot*
Sarah N. Westcot

16