**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CONSOLIDATED ACTION**

**CASE NO. 20-60851-CIV-SINGHAL**
**CASE NO. 20-22207-CIV-SINGHAL**
**CASE NO. 20-22316-CIV-SINGHAL**
**CASE NO. 20-22594-CIV-SINGHAL**

**IN RE: UNIVERSITY OF MIAMI COVID-19**
**TUITION AND FEE REFUND LITIGATION**
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO COMPEL DEFENDANT TO FULLY ANSWER PLAINTIFFS'**
**FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION**

Defendant, University of Miami (the "University"), by and through its undersigned counsel, hereby responds in opposition to Plaintiffs' Motion to Compel Defendant to Fully Answer Plaintiffs' First Set of Interrogatories and Requests for Admission ("Motion").

**BACKGROUND**

On December 28, 2021, Plaintiff, Adelaide Dixon, served the University with her First Set of Interrogatories and First Set of Requests for Admission. On January 27, 2022, the University served its Answers to Plaintiff's First Set of Interrogatories[1] (Exhibit A) and Responses to Plaintiffs First Set of Requests for Admission (Exhibit B). On February 2, 2022, Plaintiff sent the University a letter regarding alleged deficiencies and requests for supplemental answers and responses (Exhibit C). The parties met and conferred on February 24, 2022 (the "Meet and Confer"). By stipulation, the parties agreed to a one-week extension of the deadline to file a motion to compel to March 7, 2022.

---

[1] On February 11, 2022, the Interrogatories were subsequently verified.

1

On March 7, 2022, in accordance with its meet and confer discussion with Plaintiffs, the University supplemented its answers to the interrogatories and responses to requests for admission. Plaintiffs' Motion to Compel was filed immediately thereafter and "crossed in the mail" with the University's supplemental answers and responses.

## ARGUMENT

The majority of the issues set forth in the Motion are moot. As to the remaining issues, the Motion should be denied because Plaintiffs largely seek overbroad and unduly burdensome information from the University that is irrelevant to their claims.

### I. Mooted Issues.

Many of the discovery disputes alleged by Plaintiffs in their Motion are now moot. In accordance with the meet and confer between counsel, the University adequately supplemented many of the formerly disputed interrogatories, providing more than eight (8) pages of additional information, and all of the formerly disputed requests for admission.

In their Motion, Plaintiffs disputed the University's objections and/or answers to Interrogatories 1, 3-6, 8, 10, 11-15, as well the University's "General Objections" and the incorporation of the same into their answers. In its March 7, 2022, Supplemental Answers to Plaintiff, Adelaide Dixon's First Set of Interrogatories ("Supplemental Answers"), the University supplemented the following: Interrogatory #3 (subsections a, b, d and i); Interrogatory #4 (subsections a, c, h); Interrogatory #5; Interrogatory #6; Interrogatory #11; Interrogatory #13; Interrogatory #14; and removed the "General Objections" in their entirety.[2] Additionally, during

---

[2] In their Motion, Plaintiffs dispute Interrogatory #1 based on the "General Objections" that have since been removed. Accordingly, Interrogatory #1 is no longer in dispute.

the Meet and Confer, pursuant to Plaintiffs' request, the University clarified its answer in regard to Interrogatories #8 and #15 - - "[n]ot applicable" - - to mean "none." Therefore, only the following interrogatories remain at issue: Interrogatory #3 (subsections c, e, f, g, h); Interrogatory #4 (subsections b, d, e, f, g); Interrogatory #6; Interrogatory #10; and Interrogatory #12.

In regard to the Requests for Admission, Plaintiffs disputed the University's objections and/or responses to Requests for Admission 10-17, 19-24, 26-33, 38, as well the University's "General Objections" and the incorporation of the same into their responses. However, in its March 7, 2022, Supplemental Responses to Plaintiff, Adelaide Dixon's First Set of Requests for Admission ("Supplemental Responses"), the University removed all objections from Requests for Admissions 10-17, 19-24, 26-33, 38, and removed the "General Objections" in their entirety. Therefore, no Requests for Admission remain at issue.

## II. Discovery Disputes Remaining at Issue.

### A. Interrogatory #3 (subsections c, e, f, g, h).

Interrogatory #3 seeks, in several subsections, detailed information concerning mandatory student fees. Subsection (c) seeks the "amount and type of expense each Mandatory Student Fee was budgeted to cover . . . ." Subsection (e) seeks "how the revenue from the fee was spent in relation to how it was originally budgeted." Subsection (f) seeks the "number of students who had access to, and . . . who actually used, the benefits each Mandatory Student Fee was intended to cover." Subsection (g) seeks "the number, by job title, of any Employees associated with the provision of any facilities, services, activities, or benefits paid in full or in part by the Mandatory Student Fees and the hours worked from the beginning of Spring 2019 through the present." Subsection (h) seeks "the number, by job title, of any Employees included in . . . subparagraph

3

3(g) . . . that were terminated or furloughed and the savings from such employment actions on account of the COVID-19 pandemic."

In violation of Local Rule 26.1(g)(2)[3], Plaintiffs mischaracterized the University's objections to Interrogatory #3, by summarizing the University's objections rather than providing the Court with the University's specific objections. Mot. at 6.

Moreover, the University, in part, objected to this Interrogatory on the ground that it seeks information that is not relevant and is not proportional to the needs of the case, in that the University already has refunded student fees on a pro-rata basis[4]. Despite this, in its Supplemental Answers, the University provided Plaintiffs with much of the fee information sought. Suppl. Answers at 6-7.

However, subsections (c), (e), (f), (g) and (h) simply go too far. Accordingly, the University properly objected as to the scope being overly broad and unduly burdensome.[5] With respect to

---

[3]     Except for motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Federal Rules of Civil Procedure 33, 34, 36 and 37, or to compel compliance with subpoenas for production or inspection pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), shall, for each separate interrogatory, question, request for production, request for admission, subpoena request, or deposition question, state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession to enable the Court to rule separately on each individual item in the motion.

[4]     Plaintiffs have repeatedly conceded that such refunds already have been issued (Def.'s Mot. Dismiss Consolid. Class Action Compl. at 7 – 9, 21) (Def.'s Answer and Affirm. Defenses ¶ 76).

[5]     The University's objection provided: "it is overly broad and unduly burdensome in that it is not reasonably tailored in scope and instead broadly seeks nine subcategories of incredibly detailed information relating to mandatory student fees, including an essential re-creation of the University's financial operations during such time as well as hours worked of every University

4

subsections (c) and (e), fees are not budged nor accounted for in the manner which these subsections suggest. Additionally, to answer this interrogatory would essentially require the re-creation of the University's entire financial operations. It would be unduly burdensome for the University to breakdown fees in the manner sought and would not be warranted considering the fees at issue already have been refunded to Plaintiffs. With respect to subsection (f), again, fees are not budged nor accounted for in the manner suggested. Additionally, it would be unduly burdensome for the University to ascertain the information sought, if it would even be possible at all. Considering the amount of information and detail sought by Plaintiffs, the University would, for example, have to review and gather information such as each students' student I.D. swipes for any and all of the intended facilities, if such data is even available.

With respect to subsections (g) and (h), which seek the employment information and employment status of "any Employees associated with the provision of any facilities, services, activities, or benefits paid in full or in part by the Mandatory Student Fees," the University employs approximately 15,000 employees across multiple geographic units and various facilities throughout South Florida. Accordingly, an accounting of the number, job title and hours worked of any Employees associated with the facilities, services, activities, or benefits paid in full or in part by the Mandatory Student Fees would be impractical, if not impossible, to perform.

**B.      Interrogatory #4 (subsections b, d, e, f, g).**

Interrogatory #4 seeks, in several subsections, detailed information concerning tuition. Subsection (b) seeks the "amount and type(s) of expense the tuition was budgeted to cover . . . ." Subsection (d) seeks "how the revenue for the tuition was spent in relation to how it was originally

---

employee during such time, etc." Suppl. Answers at 5, 6.

budgeted." Subsection (e) seeks the "revenue, profit, and loss associated with Students' tuition payments." Subsection (f) seeks "the number, by job title, of any Employees associated with the provision of any facilities, services, activities, or benefits paid in full or in part by tuition and the hours worked from the beginning of Spring 2019 through the present." Subsection (g) seeks "the number, by job title, of any Employees included in . . . subparagraph 4(f) . . . that were terminated or furloughed and the savings from such employment actions on account of the COVID-19 pandemic."

Again, in violation of Local Rule 26.1(g)(2), Plaintiffs mischaracterized the University's objections to Interrogatory #4, by summarizing the University's objections rather than providing the Court with the University's specific objections. Mot. at 6.

Moreover, despite the University's objections, the University provided Plaintiffs with much of tuition information sought. Suppl. Answers at 9-10. However, subsections (b), (d), and (e) seek information pertaining to the University's pricing of tuition, which is confidential and proprietary non-public information the non-disclosure of which provides the University with independent economic value, actual or potential, and the disclosure of which would provide other third parties with economic value. Plaintiffs' alleged need for the documentation requested, if any, is outweighed by the University's interest in maintaining the confidentiality of such information. *See Tillman v. C.R. Bard, Inc*., 297 F.R.D. 660, 664 (M.D. Fla. 2014) ("This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc,* 263 F.3d 1304, 1313 (citing *Farnsworth v. Procter & Gamble Co*., 758 F.2d 1545, 1547 (11th Cir.1985)); *In re Denture Cream Products Liability Litigation,* Case No. 09–2051–MD, 2013 WL

214672, at *10. Additionally, tuition is not necessarily budgeted nor accounted for in the manner in which these subsections (b, d, e) suggest. To answer would require the University to re-create records of its entire financial operations. Therefore, it would be unduly burdensome for the University to ascertain the information sought, if it would even be possible at all.

In relation to subsections (f) and (g), which seek the employment information and employment status of "any Employees associated with the provision of any facilities, services, activities, or benefits paid in full or in part by the Tuition," the University employs approximately 15,000 employees across multiple geographic units and various facilities throughout South Florida. An accounting of the number, job title and hours worked of any Employees associated with the facilities, services, activities, or benefits paid in full or in part by the Mandatory Student Fees would be impractical, if not impossible, to perform.

    **C.**    **Interrogatory #6.**

Interrogatory #6 seeks, in several subsections, detailed information concerning the University's, current and former, websites and social media accounts, used to: (a) market programs to prospective, incoming and current students; (b) explain tuition and Mandatory Student Fees; (c) explain Housing policies and/or rates; (d) explain Meal Plan policies and/or fees; (e) explain the enrollment process; (f) identify and display enrollment forms; (g) describe, provide, or allow for course selection and registration; (h) allow for payments of tuition or fees online; (i) describe any refund, credit, or other monetary adjustment policy in response to COVID-19; and (j) discuss or address COVID-19.

As to any current websites and social media accounts, the University provided links to each subcategory sought by Plaintiffs, as well as all current social media accounts in its Supplemental

Answers. Suppl. Answers at 12-13. Additionally, the University removed its "equally accessible" objections in its Supplemental Answers. Suppl. Answers at 12.

Any former website or social media account is not relevant and not proportional to the needs of this case. Additionally, this information is overly broad and unduly burdensome in scope. The information sought is not readily accessible to the University and it would be impractical, if not impossible, to search for ten subcategories of *former* webpages.

D.  **Interrogatory #10.**

Interrogatory #10 seeks information concerning "any consulting company, marketing company, public relations company or lobbying company to which you have paid money and any trade organization(s)" of which the University has been a member over the past ten (10) years.

Again, in violation of Local Rule 26.1(g)(2), Plaintiffs mischaracterized the University's objections to Interrogatory #10, by summarizing the University's objections rather than providing the Court with the University's specific objections. Mot. at 10. In fact, Plaintiffs allege that it is overly broad and unduly burdensome objection, "is not clearly articulated," despite Plaintiffs specific objection.[6] Answers at 11.

Moreover, Interrogatory #10 is not at all limited to the Plaintiffs' claims. For example, Plaintiffs have not tailored this interrogatory to pertain to COVID-19, online schooling, tuition - - or to any of their claims or defenses. It would additionally be impractical, if not impossible, to perform a search of "*any* consulting company, marketing company, public relations company or

---

[6]  The University's objection provided: "(ii) it is overly broad and unduly burdensome in that it is not reasonably tailored in time or scope and instead broadly seeks information pertaining to "*any* consulting company, marketing company, public relations company or lobbying company . . ." in which the University has been a member over "the previous ten (10) years."

8

lobbying company to which you have paid money and any trade organization(s)" of which the University has been a member, *over the past 10 years*.

### E. Interrogatory #12.

Interrogatory #12 seeks to identify "students enrolled for the Spring 2020 semester, the tuition, Mandatory Student Fees, Housing rates, and Meal Plan fees charged and paid, and any refund(s), credit(s) or other monetary adjustment(s) (i.e., scholarships or grants) made to each Student account."

Again, in violation of Local Rule 26.1(g)(2), Plaintiffs mischaracterized the University's objections to Interrogatory #12, by summarizing the University's objections rather than providing the Court with the University's specific objections. Mot. at 11.

Moreover, Interrogatory #12, seeks class discovery prior to certification and seeks information that is not relevant and is not proportional to the needs of the case but, rather, is merely an attempt to identify individuals for the sending of notice of a class action, as opposed to for the purpose of discovering information "relevant to the subject matter involved in the pending action." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–53, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); (*Brotz v. Simm Associates, Inc.*, 617CV1603ORL40TBS, 2018 WL 7269700, at *7 (M.D. Fla. May 8, 2018) ("the Supreme Court has rejected pre-class certification discovery of identifying information of potential class members when such information is sought merely for the purpose of identifying such individuals for notice of a class action.").

Additionally, it would be unduly burdensome for the University to ascertain the information requested, as it would require the University not only to identify thousands of students and the tuition, fee and refund information for each such student, but, in order to comply with

9

FERPA, the University would be required to separately review and redact all such identifying information. The burden and difficulties associated with gathering and preparing such information far outweighs any potential need for such information, particularly at this stage of the proceedings.

WHEREFORE, Defendant, University of Miami, for the reasons stated above, respectfully requests that the Court: (i) deny Plaintiffs' Motion; (ii) award attorneys' fees and costs to the University to the fullest extent permitted by applicable law; and (iii) grant such other relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Matthew L. Lines
    Florida Bar No. 243980
    Lines@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

*Lead Counsel for Defendant, University of Miami*

and

**NELSON MULLINS BROAD AND CASSEL**
Mark F. Raymond
Florida Bar No. 373397
2 S. Biscayne Boulevard
One Biscayne Tower, 21st Floor
Miami, Florida 33131
Tel: (305) 373-9425
E-mail: mark.raymond@nelsonmullins.com

*Co-Counsel for Defendant, University of Miami*

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via e-mail this 16th day of March, 2022, upon the following:

Bursor & Fisher, P.A.
Sarah N. Westcot
701 Brickell Avenue, Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512
Fax: (305) 676-9006
E-mail: swestcot@bursor.com

*Co-Lead Interim Class Counsel*

Anastopoulo Law Firm, LLC
Roy T. Willey, IV (admitted *pro hac vice*)
32 Ann Street
Charleston, SC 29403
Tel. (843) 614-8888
E-mail: roy@akimlawfirm.com

*Co-Lead Interim Class Counsel*

Grossman Roth Yaffa Cohen, P.A.
Stuart Z. Grossman
Rachel W. Furst
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Tel.: (305)442-8666
E-mail: szg@grossmanroth.com
E-mail: rwf@grossmanroth.com

Hagens Berman Sobol Shapiro LLP
Daniel J. Kurowski *(admitted pro hac vice)*
Whitney K. Siehl *(admitted pro hac vice)*
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Tel.: (708) 628-4949
E-mail: dank@hbsslaw.com
E-mail: whitneys@hbsslaw.com

*Counsel for Plaintiff, Michael Weiss*

Hagens Berman Sobol Shapiro LLP
Steve W. Berman *(admitted pro hac vice)*
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Tel.: (206) 623-7292
E-mail: steve@hbsslaw.com

*Co-Lead Interim Class Counsel*

Bursor & Fisher, P.A.
Andrew J. Obergfell *(admitted pro hac vice)*
888 Seventh Avenue
New York, NY 10019
Tel.: (646) 837-7150
Fax: (212) 989-9163
E-mail: aobergfell@bursor.com

*Counsel for Plaintiff, Valeria Dimitryuk*

Eggnatz Pascucci, P.A.
Joshua Harris Eggnatz
Michael James Pascucci
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel. (954) 889-3359
Fax (954) 889-5913
E-mail: JEggnatz@JusticeEarned.com
E-mail: MPascucci@JusticeEarned.com

Leeds Brown Law, P.C.
Michael A. Tompkins (*admitted pro hac vice*)
Brett R. Cohen (*admitted pro hac vice*)
One Old Country Road, Suite 347,
Carle Place, New York 11514
Tel.: (516) 873-9550
E-mail: mtompkins@leedsbrownlaw.com
E-mail: bcohen@leedsbrownlaw.com

*Counsel for Plaintiff, Julie Gold*

Anastopoulo Law Firm, LLC
Justin S. Hemlepp
Eric M. Poulin (admitted *pro hac vice*)
Blake G. Abbott (admitted *pro hac vice*)
32 Ann Street
Charleston, SC 29403
Tel. (843) 614-8888
E-mail: justinh@akimlawfirm.com
E-mail: eric@akimlawfirm.com
E-mail: blake@akimlawfirm.com.

*Counsel for Plaintiff, Adelaide Dixon*

                                              By: /s/ Eric D. Isicoff
                                                    Eric D. Isicoff